UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| BENJAMIN JOSEPH SHOOK, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Nos. 2:19-CV-058 |
| ) | 2:15-CR-078 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION**

Before the Court is Benjamin Joseph Shook's ("Petitioner's") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Doc. 1; Criminal Docket ("Crim.") Doc. 57].[1] The United States has responded in opposition [Doc. 6], and Petitioner filed a reply [Doc. 7]. For the reasons below, Petitioner's § 2255 motion will be **DENIED IN PART** and **HELD IN ABEYANCE IN PART**.

I.  **BACKGROUND**

In December 2015, Petitioner was charged in a five-count Superseding Indictment for 1) kidnapping, in violation of 18 U.S.C. § 1201(a)(1); (2) enticement of a minor, in violation of 18 U.S.C. § 2422(b); (3) interstate transport of a minor for illegal sexual activity, in violation of 18 U.S.C. § 2423(a); (4) interstate travel for illegal sexual activity, in violation of 18 U.S.C. § 2423(b); and (5) interstate travel by an unregistered sex offender

---

[1] Document numbers not otherwise specified refer to the civil docket.

and commission of a crime of violence, in violation of 18 U.S.C. § 2250(a) & (c). [Crim. Doc. 20].

On June 7, 2016, Petitioner pled guilty at a change of plea hearing without a plea agreement to all five counts in the Superseding Indictment. [Crim. Doc. 38]. Although there is no transcript of that hearing in the record, the minutes from the hearing indicate that Petitioner was arraigned and specifically advised of his rights under Fed. R. Crim. P. Rule 11, that the Government filed its factual basis on June 1, 2016, that Petitioner's motion to change plea to guilty was granted, that he waived the reading of the Indictment, that he pled guilty to Counts 1-5 of the Superseding Indictment, and that he was to remain in custody until his sentencing hearing. [*Id*.]. An amended factual basis was filed with the Court on June 8, 2016. [Crim. Doc. 39].

The PSR calculated a total offense level of 43 and a criminal history category of IV, resulting in a guideline range of Life. [Crim. Doc. 40, ¶ 138]. The PSR also noted that the maximum term of imprisonment for Count 4 is 30 years, and that Count 5 had a minimum 5 year and maximum 30 years' sentence to be served consecutively. [*Id*. at ¶ 136-37].

Neither party filed objections to the PSR. The government filed a sentencing memorandum wherein it requested a sentence within the guideline range and concurred that Life was an appropriate sentence. [Crim Doc. 43]. Petitioner, through counsel, also filed a sentencing memorandum, requesting the minimum sentence of 30 years for Counts 1-4, followed by 5 years for Count 5. [Crim. Doc. 46].

On October 6, 2016, the Court sentenced Petitioner to a total of Life imprisonment for Counts 1-4, followed by 5 years for Count 5. [Crim. Doc. 54]. Petitioner did not file a direct appeal, but on April 16, 2019, he filed this § 2255 motion.

## II. STANDARD OF REVIEW

Under § 2255(a), a federal prisoner may move to vacate, set aside, or correct his judgment of conviction and sentence if he claims that the sentence was imposed in violation of the Constitution or laws of the United States, that the court lacked jurisdiction to impose the sentence, or that the sentence is in excess of the maximum authorized by law or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). As a threshold standard, to obtain post-conviction relief under § 2255, the motion must allege: (1) an error of constitutional magnitude; (2) a sentence imposed outside the federal statutory limits; or (3) an error of fact or law so fundamental as to render the entire criminal proceeding invalid. *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003).

A movant bears the burden of demonstrating an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *See Reed v. Farley*, 512 U.S. 339, 353 (1994) (noting that the Petitioner had not shown that his ability to present a defense was prejudiced by the alleged constitutional error); *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993) (addressing the harmless-error standard that applies in habeas cases alleging constitutional error). In order to obtain collateral relief under § 2255, a movant must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).

3

Case 2:19-cv-00058-RLJ-CRW   Document 10   Filed 05/14/21   Page 3 of 10   PageID #: 27

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). A movant must prove that he is entitled to relief by a preponderance of evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). A motion that merely states general conclusions of law, without substantiating the allegations with facts, is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

Under Rule 8(a) of the Governing Rules, the Court is to review the answer, any transcripts, and records of prior proceedings and any material submitted under Rule 7 to determine whether an evidentiary hearing is warranted. Rules Governing Section 2255 Proceedings, Rule 8(a). If a petitioner presents a factual dispute, then "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). An evidentiary hearing is not required "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of facts." *Valentine*, 488 F.3d at 333 (quoting *Arrendondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). The Court **FINDS** no need for an evidentiary hearing in the instant case.

### III. ANALYSIS

Petitioner raises two claims in his motion: 1) in light of the Supreme Court's holding in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), Petitioner is actually innocent of the § 2250(d) charge in Count 5, and 2) that trial counsel was ineffective for failing to make a
4
Case 2:19-cv-00058-RLJ-CRW   Document 10   Filed 05/14/21   Page 4 of 10   PageID #: 28

vagueness challenge to Petitioner's § 2250(d) charge and failing to appeal the conviction and five-year consecutive sentence. [Doc. 1, Crim. Doc. 57].

The Government has also requested the Court correct the judgment as to Count Four by reducing the life sentence to the 30-year statutory maximum for that offense to which Petitioner does not object. [Docs. 6 & 7]. In light of the parties' agreement, the Court will also **AMEND** the judgment regarding Count Four of the Indictment and **REDUCE** Petitioner's sentence as to Count Four from Life to 30 years' imprisonment.

The Court will first address Petitioner's ineffective assistance claim before addressing his *Dimaya* claim.

### A. Claim 1 – *Ineffective Assistance of Counsel*

Petitioner claims that his trial counsel was ineffective for failing to raise a § 16(b) vagueness argument and for not objecting to the § 2250(d) additional penalty. [Doc. 1, Crim. Doc. 57]. He also contends that his trial counsel was ineffective for not raising this issue on appeal. The Government contends that this claim is untimely and procedurally defaulted and should be denied.

Under 28 U.S.C. § 2255, Petitioner's limitation period runs from the latest of four dates – 1) the date when the judgment of conviction is finalized, 2) the date an impediment by government action is removed if applicable, 3) the date the asserted right was initially recognized by the Supreme Court or the date when a newly recognized right is made retroactively applicable, and 4) the date when the facts surrounding the claim(s) could have been discovered through due diligence. Here, Petitioner does not assert a newly recognized right, nor does he assert any impediment by government action keeping him from timely

5

Case 2:19-cv-00058-RLJ-CRW   Document 10   Filed 05/14/21   Page 5 of 10   PageID #: 29

filing this § 2255 motion. Therefore, the appropriate limitations date is the later date of when Petitioner's judgment became final or when the facts supporting the claim could have been discovered.

Petitioner's claims are based on facts surrounding the additional penalty for a violation of § 2250(d). These are facts which could have been discovered prior to Petitioner's sentencing hearing on October 6, 2016 through the exercise of due diligence. Petitioner's judgment became final October 26, 2016, the first day the court was open after fourteen days had passed since the judgment was entered. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 426-27 (6th Cir. 2004); Fed. R. App. P. 4(b)(1). Thus, as the latter of the two dates, this is the date the Court will use in determining timeliness of the motion. Petitioner had until October 26, 2017 to timely file a § 2255 motion. As Petitioner filed the instant motion April 16, 2019, almost two years beyond the period of limitations provided in 28 U.S.C. § 2255(f)(1), his motion is untimely, absent the applicability of equitable tolling.

Equitable tolling "allows courts to toll a statute of limitations when 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)). The AEDPA limitations period may be subject to equitable tolling if the movant shows that (1) extraordinary circumstances beyond his control made timely filing of a federal habeas petition impossible and (2) the movant has acted diligently in pursuing his rights. *Holland v. Florida*, 560 U.S. 631, 649 (2010). "[T]he doctrine of

6

Case 2:19-cv-00058-RLJ-CRW   Document 10   Filed 05/14/21   Page 6 of 10   PageID #: 30

equitable tolling is used sparingly by federal courts," *Robertson*, 624 F.3d at 784, and the movant bears the burden of showing that equitable tolling is appropriate. *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003).

To demonstrate in this case that he is entitled to equitable tolling, Petitioner must establish that he has pursued his rights diligently and that some extraordinary circumstance prevented timely filing. *Holland*, 560 U.S. at 649. Petitioner has not attempted to show that any extraordinary circumstance existed or prevented him from timely raising the claims contained in his § 2255 motion or that he had been pursuing his rights diligently. Because Petitioner has not established he was unable to timely file his § 2255 motion to vacate due to extraordinary circumstances beyond his control, the Court need not address the diligence prong of the equitable tolling test. Accordingly, Petitioner's Claim 1 will be **DENIED** as untimely.

### B. Claim 2 – Dimaya Claim

Under Section 2250(a) of Title 18, a person who (1) is required to register under SORNA; (2) is a sex offender as defined for the purposes of SORNA, or travels in interstate or foreign commerce; and (3) knowingly fails to register or update a registration under SORNA, is to be imprisoned for a term of no more than 10 years. 18 U.S.C. § 2250(a). However, under subsection (d), if "[a]n individual described in subsection (a) ... commits a crime of violence[,]" the individual is subject to a separate sentence, consecutive to that provided for in subsection (a), of "not less than 5 years and not more than 30 years." 18 U.S.C. § 2250(d).

Title 18 defines a "crime of violence" as:

(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16. Subsection (a) is often referred to as the "elements clause" while subsection (b) is referred to as the "residual clause." *Dimaya*, 138 S. Ct. at 1211. In *Dimaya*, the Supreme Court invalidated the residual clause, § 16(b), holding that the section was unconstitutionally vague. *Id.* at 1210, 1223. In light of this, an offense may only qualify as a crime of violence for purposes of § 2250(d) if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another[.]" 18 U.S.C. § 16(a).

The parties here appear to agree that Petitioner's § 2250(d) conviction was based on the kidnapping charge in Count 1 as the predicate crime of violence. The parties also agree that federal kidnapping is no longer a crime of violence for the purposes of § 2250(d) as § 16(b) was invalidated by *Dimaya*. The government concedes that Petitioner is eligible for relief as he cannot legitimately be subjected to an enhanced penalty under § 2250(d).[2] Therefore, Petitioner's § 2250(d) conviction is no longer valid.

Because Petitioner has established that his claim is meritorious and his conviction as to Count 5 is no longer valid, the Court intends to ultimately grant Petitioner's § 2255 motion as to Claim 2. At this time, however, the Court will hold that claim in

---

[2] The Government also explicitly waives any statute of limitations defense as to Petitioner's claim. *Scott v. Collins*, 286 F.3d 923, 927-28 (6th Cir. 2002).

8

Case 2:19-cv-00058-RLJ-CRW   Document 10   Filed 05/14/21   Page 8 of 10   PageID #: 32

abeyance pending further briefing by the parties. The Court now turns to the appropriate remedy.

### C. *Remedy*

Once the Court has determined that relief under § 2255 is merited, and if the judgment is vacated, the Court must grant one of four remedies "as may appear appropriate": (1) "discharge" the prisoner, (2) "resentence" the prisoner, (3) "grant a new trial," or (4) "correct" the sentence. *Ajan v. United States*, 731 F.3d 629, 631 (6th Cir. 2013) (quoting 28 U.S.C. § 2255(b)). The Court has "wide berth in choosing the proper" remedy. *Id.* at 633 (quoting *United States v. Jones*, 114 F.3d 896, 897 (9th Cir. 1997)).

In this case, Petitioner remains convicted of Counts 1-4, and he seeks resentencing. As such, the pertinent remedies are a resentencing of Petitioner or a correction of his sentence. The Government contends that the Court should modify or vacate the five-year consecutive sentence for violating § 2250(d) and instead impose a concurrent sentence, not to exceed 10 years' imprisonment, for violating § 2250(a) alone. [Doc. 6]. Petitioner disagrees and contends that the Court should vacate the conviction for Count 5 entirely. [Doc. 7].

The Court will at this point put this case on pause to allow the parties to carefully reflect on their sought-after resolution. With or without a conviction on Count 5 of the indictment, Petitioner remains convicted of Counts 1-4, the Guideline range for which were Life for Counts 1-3. While the Court will reduce Petitioner's sentence for Count 4 from Life to 30 years' imprisonment, Petitioner's sentence still remains Life on the remaining

9

counts. Petitioner's base offense level of 43 remains unchanged, as does his criminal history category of IV.

In light of these considerations, absent a sentencing agreement, the parties will be directed to file supplemental briefing regarding their recommended resolution no later than **July 7, 2021**.

IV. **CONCLUSION**

For the reasons above, Petitioner's § 2255 motion [Doc. 1; Crim. Doc. 57] will be **DENIED** as to Claim 1 and **HELD IN ABEYANCE** as to Claim 2 pending further briefing. Petitioner's sentence on Count Four of the Superseding Indictment for a violation of 18 U.S.C. § 2423(a) will be **REDUCED** to 30 years' imprisonment to run concurrent with Petitioner's other convictions for Counts 1-3. The judgment dated October 11, 2016 [Doc. 54] will be **AMENDED** to reflect this reduced sentence.

A separate judgment will enter.

    **IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge